IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CV-35-D

| | |
|---|---|
| WILLIAM SCOTT DAVIS, JR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| ) | |
| ATTORNEY JAMES A HUNT, ) | |
| ) | |
| Defendant. ) | |

Plaintiff has filed an application to proceed *in forma pauperis*, and has demonstrated appropriate evidence of inability to pay the required court costs. However, the Court must also conduct a review pursuant to 28 U.S.C. § 1915(e)(2) which requires the Court to dismiss all or any part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. *See* Cochran v. Morris, 73 F.3d 1310, 1315-16 (4th Cir. 1996)(discussing *sua sponte* dismissal under predecessor statute 28 U.S.C. § 1915(d)). A case is frivolous if it lacks an arguable basis in either law or fact. *See* Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The instant matter was transferred to this Court from the United States District Court for the Eastern District of Virginia (DE-2). In the Eastern District of Virginia Plaintiff has filed seventeen similar actions. In those actions, Plaintiff's claims "related to issues involving child custody determinations, termination of Plaintiff's parental rights, and allegations of child neglect . . ." (DE-6, pg. 1). Each of those actions was ultimately

dismissed as frivolous. Specifically, the Eastern District of Virginia determined that Plaintiff's claims were "simply too disjointed and conclusory for the court to find a claim upon which relief can be granted" (DE-6, pg. 3). Likewise, that court also found Plaintiff's claims were time-barred. *Id.* at 3-5.

Here, Plaintiff claims again arise pursuant the above mentioned child custody determination and related proceedings. Although only one Defendant is named in the caption of the case—James A. Hunt—Plaintiff also apparently seeks to assert claims against Robin Strickland. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Specifically, he claims that Mr. Hunt ineffectively represented him during the above mentioned child neglect proceedings. In addition, Plaintiff claims that Defendant Strickland "was appointed as legal counsel for the Plaintiff Spouse [sic]" and fraudulently commenced a domestic violence action against Plaintiff (DE 1-1, pg. 6).

These claims are frivolous. First, the undersigned reiterates that Plaintiff's claims are too disjointed and conclusory to support a claim. Likewise, many of Plaintiff's claims are time-barred.

Moreover, to state a claim for damages under 42 U.S.C. § 1983, an aggrieved party must allege: (1) that he or she was injured; (2) by the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States; (3) by a person acting under color of state law. *See* 42 U.S.C. § 1983. Plaintiff has not properly alleged that either Defendant has acted under color of state law. *See* <u>Killingsworth v. Truluck</u>, 2010 WL 4638763 (D.S.C. September 16, 2010)("An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983")(internal citations omitted).

Finally "federal courts are courts of limited jurisdiction and generally abstain from

hearing child custody matters." Cantor v. Cohen, 442 F.3d 196, 202 (4th Cir. 2006)(*citing* Cole v. Cole, 633 F.2d 1083, 1087 (4th Cir.1980)). This is because child custody matters are better handled by state courts which have the experience to deal with this specific area of the law. *Id.* Therefore, Plaintiff's complaint is also frivolous to the extent it requests this Court to address any underlying child custody issues.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Friday, March 18, 2011.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE